[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
A non-jury trial was held in this case on April 23, 1991, pursuant to Super. Ct. Civ. Arb. R. 5, following defendant Joan Powell's rejection of an arbitrator's award. The case record reveals the following.
Plaintiff Joseph L. Orlando and Company (Orlando) filed a complaint against defendants Raymond D. Powell and Joan Powell d/b/a Jiff Instant Printing alleging that defendants owed plaintiff $6,398.95 on book account for accounting services rendered. Defendant Joan Powell cross-claimed against Raymond Powell. On April 8, 1987, defendant Raymond D. Powell stipulated to the entry of a $5,802.10 judgment.
Defendant Raymond D. Powell d/b/a Jiff Instant Printing filed a voluntary bankruptcy petition in September 1987. He listed plaintiff as a creditor for $6,398.95 for legal services and accounting services rendered. On December 8, 1987 the above-noted debt/judgment was discharged.
Defendant Raymond D. Powell's discharge effectively removes him from the instant case. Thus, at trial plaintiff had the burden of proving that defendant Joan Powell was liable for the charges for accounting services rendered.
Plaintiff's Exhibit #1 is a confirmation letter of services to be rendered by plaintiff to defendants Raymond D. Powell and Joan Powell. The letter states that plaintiff would prepare the defendants' 1980 federal and state income tax returns, would answer specific tax inquiries and would consult on income and estate planning matters. The letter sets forth plaintiff's standard rates. The letter then states: "If the above arrangements are satisfactory, please sign the enclosed copy of this letter and return it to us. We are pleased to have you as a client. . . ." Below the typed word "Approved" are the signatures of Raymond D. Powell and Joan C. Powell dated May 26, 1981.
Plaintiff's Exhibit #4 is a work file kept by plaintiff containing numerous and varied tax forms and accounting sheets for defendants Raymond and Joan Powell. One of the forms contained in the exhibit is particularly instructive. That is a 1980 IRS Form 4868, filed by defendants Raymond D. and Joan C. Powell, for an extension of time to file their joint federal income tax return. The form is signed by both defendants and is dated April 15, 1981. At the bottom of the form is a hand-written note, signed by defendant Joan C. Powell, that states "we are obtaining a new accountant, and thus we are applying for an extension of filing time so he can prepare our returns accurately."
The evidence presented at trial and discussed herein supports the following findings and reasoning. Defendant Joan Powell expressly contracted with plaintiff for accounting and tax services. She was aware that plaintiff was to prepare, and did in fact prepare, her joint tax returns. Thus defendant Joan Powell received the benefit of plaintiff's services. "It is well established that the rule concerning damages is designed to place the injured party in as good a position as he would have been
in had the contract been fully performed as promised." R.I.Turnpike and Bridge Authority v. Bethlehem Steel Corporation v.Douglas, 119 R.I. 141, 166, 379 A.2d 344, ___ (1977) (citing 5 Corbin Contracts § 992 (1964)) (emphasis in original). Clearly, it is both reasonable and fair that defendant Joan Powell should pay for the services rendered by plaintiff.
What remains is plaintiff's proof of damages. At trial, plaintiff's attorney examined Joseph L. Orlando, a principal of plaintiff corporation, concerning a document captioned "Statement Of Account".[1] He then moved to have the document introduced as a full exhibit, however, defense counsel Brosco objected. Attorney Brosco utilized the document on cross-examination and, apparently, placed the document with his papers. The document was later given to plaintiff's attorney and was returned to the Court with the above-noted letter. A decision regarding admissibility of the document as a full exhibit was reserved at trial. My decision is to admit said document into evidence as a full exhibit over defendant's objection. The Statement of Account evidences a $3,571.64 balance due for services rendered by plaintiff.
Judgment for plaintiff shall enter for $3,571.64 against defendant Joan Powell.
[1] The incident concerning this document is the subject of a letter to the Court from Richard B. Applebaum, plaintiff's attorney, dated April 25, 1991. A copy of the letter (with enclosure) was sent to attorney Brosco by plaintiff's counsel.